UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DEIDRE STRINGFIELD,

                                         Plaintiff,          **<u>ANSWER</u>**

                  - against -                    19 Civ. 05311 (JMF)

THE CITY OF NEW YORK, EMILY LEHMAN, JESSICA KATZ, JENNIFER JACOBS-GUZMAN and JOHN and JANE DOE (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants),

                                   Defendants.

------------------------------------------------------------------------ x

          Defendants, by their attorney, Georgia Pestana, Acting Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege as follows:

          1.       Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

          2.       Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

          3.       Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to seek the relief set forth in that paragraph.

          4.       Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

          5.       Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to set forth the basis of jurisdiction as set forth in this paragraph.

          6.       Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to set forth the basis of jurisdiction as set forth in this paragraph.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to set forth the basis of venue as set forth in this paragraph.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff self-identifies as female and Black.

10.     Admit the allegations set forth in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff self-identifies as a resident of the City and State of New York.

12.     Admit the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that the New York City Department of Housing Preservation and Development ("HPD") is an agency of the City of New York ("City"), and that Emily Lehman ("Lehman") is the Assistant Commissioner of HPD's Division of Special Needs Housing ("SNH").

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff purports to proceed as set forth in this paragraph.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Jessica Katz ("Katz") was an Associate Commissioner for HPD's New Construction Divisions until in or around November 2017.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17," of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff purports to proceed as set forth in this paragraph.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Jennifer Jacobs-Guzman ("Jacobs-Guzman") was the Director of Operations for HPD's SNH division, and is currently the Chief of Staff for HPD's Division of New Construction.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiff purports to proceed as set forth in this paragraph.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.[1]

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

---

[1] The Complaint contains two (2) paragraphs numbered "24."  To avoid confusion, the paragraphs in this Answer will correspond to those in the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Letitia James is a former member of the New York City Council, and respectfully refer the Court to the referenced written complaint for a complete and accurate description of its contents.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, except admit that HPD has previously employed recent college graduates.

43.     Deny the allegations set forth in paragraph "43" of the Complaint, except admit that HPD operated a storm recovery program.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Admit the allegations set forth in paragraph "45" of the Complaint.

46.     Admit the allegations set forth in paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint, except admit that plaintiff has earned satisfactory performance reviews during probationary periods.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint, except admit that plaintiff was employed as an Office Associate within HPD until plaintiff was appointed to the title of Principal Administrative Associate in September 1987.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint, except admit that plaintiff was appointed to the Staff Analyst title in 2003.

51.     Deny the allegations set forth in paragraph "51" of the Complaint, except admit that plaintiff was promoted to the Associate Staff Analyst ("ASA") title in 2007.

52.     Deny the allegations set forth in paragraph "52" of the Complaint, except admit that plaintiff is a supervisor within HPD's SNH division.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except admit that plaintiff supervises one (1) HPD employee.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Admit the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, except admit that plaintiff is not employed as a Director in HPD's SNH division.

57.     Admit the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that plaintiff has earned satisfactory performance evaluations during probationary periods.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint, except admit that plaintiff has discussed with Katz a salary increase and a Director title.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, except admit that in or around 2016 plaintiff supervised two (2) HPD employees and attended meetings concerning SNH fiscal issues.

62.     Deny the allegations set forth in paragraph "62" of the Complaint, except admit that plaintiff has discussed with Katz a salary increase and a Director title.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint, except admit that Jacobs Guzman requested that plaintiff provide her supervisors with passwords to certain electronic files.

66.     Deny the allegations set forth in paragraph "66" of the Complaint, except admit that Joseph Jackson was plaintiff's subordinate, and that Joseph Jackson was transferred to a different HPD unit.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint, except admit that plaintiff is a supervisor within HPD's SNH division and does not have a Director title.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, except admit that plaintiff filed a discrimination complaint with HPD's Office of Equal Employment Opportunity on or about October 26, 2017, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

75.     Deny the allegations set forth in paragraph "75" of the Complaint, except admit that plaintiff filed an internal discrimination complaint with HPD, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

76.     Deny the allegations set forth in paragraph "76" of the Complaint, except admit that on or about November 21, 2017, HPD's Office of Equal Employment Opportunity advised plaintiff that her complaint was deemed unsubstantiated.

77.     Deny the allegations set forth in paragraph "77" of the Complaint concerning Katz's discussions with HPD's EEO Office, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff learned about Katz's communications with HPD's EEO Office.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Complaint, except admit that plaintiff supervised Theodora Skirlis ("Skirlis") in November 2017, and that HPD authorized a salary increase for Skirlis.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "81" of the Complaint, except admit that both Jason Rust ("Rust") and Ross Karp ("Karp") are employed by defendant City within HPD.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "82" of the Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint, except admit that plaintiff discussed a salary increase with Lehman.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations in paragraph "91" of the Complaint, except admit that during the course of her employment, plaintiff made requests for salary increases.

92.     Deny the allegations set forth in paragraph "92" of the Complaint, except admit that Lehman was on leave from HPD until September 2019.

93.     Deny the allegations set forth in paragraph "93" of the Complaint, except admit that Jacobs Guzman vacated her SNH Director of Operations position and HPD published a notice for the vacancy.

94.     Deny the allegations in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint, except admit that HPD published a vacancy notice for the SNH Director of Operations position, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint, except admit that plaintiff applied, and interviewed, for the SNH Director of Operations position.

99.     Deny the allegations in paragraph "99" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's discussions regarding salary during the referenced conversation.

100.    Admit the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint, except admit that HPD published the vacancy notice for the Director of Operations position, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

105.    Deny the allegations set forth in paragraph "105" of the Complaint, except admit that HPD hired Hallie Martin ("Martin") as SNH Director of Operations, and that Martin went on leave in or around February 2019.

106.    Admit the allegations set forth in paragraph "106" of the Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.     Deny the allegations in paragraph "108" except admit that plaintiff earned a score of 100 on the civil service exam, and respectfully refer the Court to the referenced civil service exam list for a complete and accurate statement of its contents.

109.     Deny the allegations set forth in paragraph "109" of the Complaint.

110.     Deny the allegations set forth in paragraph "110" of the Complaint.

111.     Deny the allegations set forth in paragraph "111" of the Complaint.

112.     Deny the allegations set forth in paragraph "112" of the Complaint.

113.     Deny the allegations set forth in paragraph "113" of the Complaint, except admit that Sara Tempel ("Tempel") is employed as HPD's Director of Policy and Rental Assistance Programs.

114.     Deny the allegations set forth in paragraph "114" of the Complaint.

115.     Deny the allegations set forth in paragraph "115" of the Complaint.

116.     Deny the allegations set forth in paragraph "116" of the Complaint.

117.     Deny the allegations set forth in paragraph "117" of the Complaint.

118.     Deny the allegations set forth in paragraph "118" of the Complaint.

119.     Deny the allegations set forth in paragraph "119" of the Complaint.

120.     Deny the allegations set forth in paragraph "120" of the Complaint.

121.     Deny the allegations set forth in paragraph "121" of the Complaint.

122.     Deny the allegations set forth in paragraph "122" of the Complaint.

123.     Deny the allegations set forth in paragraph "123" of the Complaint.

124.     Deny the allegations set forth in paragraph "124" of the Complaint.

125.     In response to paragraph "125" of the Complaint defendants repeat and reallege their responses to all prior paragraphs of the Complaint as if fully set forth here.

126.     Deny the allegations set forth in paragraph "126" of the Complaint.

127.     Deny the allegations set forth in paragraph "127" of the Complaint.

128.     Deny the allegations set forth in paragraph "128" of the Complaint.

129.     Deny the allegations set forth in paragraph "129" of the Complaint.

130.     Deny the allegations set forth in paragraph "130" of the Complaint.

131.     In response to paragraph "131" of the Complaint defendants repeat and reallege their responses to all prior paragraphs of the Complaint as if fully set forth here.

132.     Admit the allegations set forth in paragraph "132" of the Complaint.

133.     Deny the allegations set forth in paragraph "133" of the Complaint.

134.     Deny the allegations set forth in paragraph "134" of the Complaint.

135.     In response to paragraph "135" of the Complaint defendants repeat and reallege their responses to all prior paragraphs of the Complaint as if fully set forth here.

136.     Admit the allegations set forth in paragraph "136" of the Complaint.

137.     Deny the allegations set forth in paragraph "137" of the Complaint.

138.     Deny the allegations set forth in paragraph "138" of the Complaint.

139.     Deny the allegations set forth in paragraph "139" of the Complaint.

140.     Deny the allegations set forth in paragraph "140" of the Complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

## AS AND FOR A FIRST DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

141.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

142.     The Complaint is barred, in whole or in part, by the applicable statute of limitations.

- 11 -

**AS AND FOR A THIRD DEFENSE**
**DEFENDANTS RESPECTFULLY ALLEGE:**

143.     Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

**AS AND FOR A FOURTH DEFENSE**
**DEFENDANTS RESPECTFULLY ALLEGE:**

144.     The damage claims contained in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

**AS AND FOR A FIFTH DEFENSE**
**DEFENDANTS RESPECTFULLY ALLEGE:**

145.     The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR A SIXTH DEFENSE**
**DEFENDANTS RESPECTFULLY ALLEGE:**

146.     Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by defendants to its employees or to otherwise avoid harm.

**AS AND FOR A SEVENTH DEFENSE**
**DEFENDANTS RESPECTFULLY ALLEGE:**

147.     The conduct complained of consists of nothing more than what a "reasonable victim of discrimination" would consider "petty slights and trivial inconveniences."

**AS AND FOR AN EIGHTH DEFENSE**
**DEFENDANTS RESPECTFULLY ALLEGE:**

148.     Any adverse employment actions taken by defendants were based upon legitimate, non-discriminatory, non-retaliatory business reasons.

## AS AND FOR AN NINTH DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

149.    Individual defendants Lehman, Katz and Jacobs Guzman are immune from suit under 42 U.S.C. §§ 1981 and 1983 under the doctrine of qualified immunity.

**WHEREFORE**, defendants respectfully request that the Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            October 4, 2019

                            **GEORGIA PESTANA**
                            Acting Corporation Counsel of the
                              City of New York
                            Attorney for Defendants
                            100 Church Street, Room 2-140
                            New York, New York 10007-2601
                            (212) 356-4074
                            cbranch@law.nyc.gov

                    By:    [ECF]                /S/
                                    Cassandra N. Branch
                                    Assistant Corporation Counsel

TO:   **MADUEGBUNA COOPER LLP**
      Attorneys for Plaintiff
      30 Wall St., 8th Fl.
      New York, NY 10005
      (By ECF)